# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RICHARD FASANELLA, and )
CUPID AUTO SALES, INC. )
                    )
       Plaintiffs, )     C.A. No.
                    )
v. )
                    )     **304CV0548** JCH
FORD MOTOR COMPANY, )
BRIDGESTONE FIRESTONE, INC., a/k/a )
FIRESTONE TIRE AND RUBBER COMPANY, )
HERTZ CORPORATION )
       Defendants. )

## NOTICE OF REMOVAL

**TO:    The Chief Judge and Judges of the United States District Court for the District of Connecticut**

The defendant, Ford Motor Company ("Ford"), a Delaware corporation with its principal place of business in Dearborn, Michigan, files this Notice of Removal of the captioned action from the Superior Court, Judicial District of Fairfield at Bridgeport, State of Connecticut, to the United States District Court for the District of Connecticut.

In support of its Notice of Removal, Ford states:

1.     On or about February 28, 2004, the Plaintiffs, RICHARD FASANELLA and CUPID AUTO SALES, INC., filed this action in the Superior Court, Judicial District of Fairfield at Bridgeport, State of Connecticut.  A copy of the Summons and Complaint are attached hereto as Exhibits A and B, respectively.  Plaintiffs have since filed an Amended Complaint, attached hereto as Exhibit C.

2.    Ford's agent for service in Connecticut, CT Corporation System, was served with the Summons, Complaint, and Statement of Damages in this action on March 5, 2004. A true and accurate copy of the Service of Process Transmittal Form is attached as Exhibit D.

3.    This is an action brought pursuant to the Connecticut Product Liability Act. Plaintiff Richard Fasanella claims he was operating a 1998 Ford Expedition owned by Plaintiff Cupid Auto Sales when he experienced a tire failure, resulting in a single vehicle accident that allegedly caused spinal and knee injuries in Plaintiff Richard Fasanella and caused property damage to the vehicle. The Plaintiffs allege that their damages will exceed fifteen thousand dollars ($15,000.00). Plaintiff Richard Fasanella seeks to recover damages for his personal injuries, pain and suffering, medical expenses, and interference with life activities. Plaintiff Cupid Auto Sales seeks to recover for the property damage to its vehicle. Given the nature of the alleged injuries and considering the additional elements of general damages, the amount in controversy exceeds $75,000.00.

4.    The Plaintiff Richard Fasanella, upon information and belief is a resident of Trumbull, Connecticut. (Please see Summons attached hereto as Exhibit A.)

5.    The Plaintiff Cupid Auto Sales upon information and belief is a company with a principal place of business in Trumbull, Connecticut. (Please see Summons attached hereto as Exhibit A.)

6.    The Defendant, Ford, is a Delaware corporation with its principal place of business in Dearborn, Michigan.

7.    The Defendant, Hertz Corporation, is a Delaware Corporation with a principal

place of business in Park Ridge, New Jersey.

8.    The Defendant Bridgestone/Firestone, Inc. is a Delaware corporation with its principal place of business in Nashville, Tennessee.

9.    Federal jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the Plaintiffs and the Pefendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The action is removable pursuant to 28 U.S.C. §1441(b) because the Defendants are not citizens of Connecticut.

10.   This Notice of Removal has been filed less than thirty (30) days after service upon Ford's agent for service in Connecticut, CT Corporation System, on March 5, 2004.

11.   All Defendants assent to the filing of this Notice of Removal.

WHEREFORE, Ford requests removal of the captioned action from the Superior Court, Judicial District of Fairfield at Bridgeport, State of Connecticut.

Dated:  April 2, 2004

FORD MOTOR COMPANY,

By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

James M. Campbell, (ct 09276)
Mark J. Hoover (ct 15546)
Two Riverview Square
Hartford, Connecticut  06108
(860) 291-8419

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon counsel for all parties by mail on April 2, 2004.

John A. Pinheiro, Esq.
167 Cherry Street, PMB 314
Milford, CT 06460
(203) 874-4477
Juris # 307915

Attorney for the Plaintiffs

Louise A. Johnson
The Hertz Corporation
225 Brae Boulevard
Park Ridge, NJ 07656

Attorney for Defendant Hertz Corporation

Matt Feigenbaum
Cohn Birnbaum & Shea
830 Post Road East, Suite 301
Westport, CT  06880

Attorney for Defendant Bridgestone Firestone, Inc.


_____
Mark J. Hoover

EX. A

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

**INSTRUCTIONS**

1. Type or print legibly: sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

**"X" ONE OF THE FOLLOWING**
Amount, legal interest or proper
demand, exclusive of interest a
costs is:
- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [X] $15,000 or more

("X" if applicable)
- [ ] Claiming other relief in
addition to or in lieu of mo
or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby
commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr)
(Must be a Tuesday) 4/13/0

| | | |
|---|---|---|
| [X] JUDICIAL DISTRICT | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | CASE TYPE (See JD-CV-1c) |
| [ ] HOUSING SESSION  [ ] G.A. NO. | BridGePorT | Major ✓  Minor O |

ADDRESS OF COURT CLERK  WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
1061 MAIN ST. BridGePorT, CT. 06604

TELEPHONE NO. (with area
203-579-65

| PARTIES | NAME AND ADDRESS OF EACH PARTY     NOTE: Individuals' Names: (No., street, town and zip code)     Last, First, Middle Initial | [ ] Form JD-CV-2 attached |
|---|---|---|
| **FIRST NAMED PLAINTIFF** | CUPID AUTO SALES, INC. P. O. BOX 431, Trumbull, CT 06611 | |
| Additional Plaintiff | FASANella, RICHArd, 35 HORSESHoe Dr. Trumbull, CT 06611 | |
| **FIRST NAMED DEFENDANT** | Ford MoTor CompAny: 1 CommErcIAL PLAzA, HTFd CT 06103 | CT. CorporATion SysTEms |
| Additional Defendant | BridGeSTONE FirESTONE INC.: 30 TriniTy ST. HTFd CT. 06106 | SECrETary of THE STATE |
| Additional Defendant | HErTz CorporaTion; 1 CommErcIAL PLAzA, HTFd. CT 06103 | CT. CORPORATION SysTEms |
| Additional Defendant | | |

**NOTICE TO EACH DEFENDANT**

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questic

| DATE | SIGNED (Sign and "X" proper box) | [X] Comm. of Superior Court | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 2/28/04 | | [ ] Assistant Clerk | JoHN A. PinHEiro |

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) | TELEPHONE NUMBER | JURIS NO. (If atty or law fir |
|---|---|---|
| JoHN A. PinHEiro, 167 CHerry ST PMB 314, MilFord, CT. 06460 | 203-874-4477 | 307915 |

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE OF $250 (No., street, town and zip code)     SIGNATURE OF PLAINTIFF IF PRO SE
Alice RAIN 756 Tunxis ST FFld CT 06930

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) | [X] Comm. of Superior Court | For Court Use Only |
|---|---|---|---|---|---|
| 2 | 3 | 6 | | [ ] Assistant Clerk | FILE DATE |

**IF THIS SUMMONS IS SIGNED BY A CLERK:**

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO |
|---|---|---|---|

EX. B

RET: APRIL 13, 2004     : SUPERIOR COURT

RICHARD FASANELLA, and   : JUDICIAL DISTRICT OF
CUPID AUTO SALES, Inc.     :

     v.       : FAIRFIELD AT BRIDGEPORT

FORD MOTOR COMPANY,    :
BRIDGESTONE FIRESTONE, INC., a/k/a :
FIRESTONE TIRE AND RUBBER COMPANY, :
HERTZ CORPORATION    : FEBRUARY 28, 2004

## COMPLAINT

Count One: Cupid Auto Sales, Inc. v. Ford Motor Company:

   1. On or about March 1, 2001, the plaintiff, Richard Fasanella, was the

operator, with the owner's permission, of a 1998 Ford Expedition sport utility vehicle, owned by

plaintiff, Cupid Auto Sales, Inc., which was traveling on the Merritt Parkway in

Fairfield/Bridgeport, Connecticut.

   2. At all times mentioned herein, the defendant, Ford Motor Company,

(hereinafter referred to Ford) was a foreign corporation, organized and existing under the laws of

the State of Delaware, with its principle place of business in the State of Michigan, conducting

business in the State of Connecticut and engaged in the manufacture and distribution of motor

vehicles, including but limited to the foregoing stated 1998 Ford Expedition.

   3. At all times mentioned herein, the defendant, Bridgestone Firestone, Inc., a/k/a

Firestone Tire and Rubber Company, (hereinafter referred to as Bridgestone) was a foreign

corporation, organized and existing under the laws of the State of Delaware, with its principle

1

place of business in the State of Ohio, conducting business in the State of Connecticut and

engaged in the manufacture and distribution of tires, including but limited to the tires that were

on the foregoing stated 1998 Ford Expedition.

      4. At all times mentioned herein, the defendant, Hertz Corporation, was a

foreign corporation, organized and existing under the laws of the State of Delaware, conducting

business in several states in the United States and engaged in the business of renting and selling

motor vehicles, which said defendant sold the foregoing stated 1998 Ford Expedition to plaintiff,

Cupid Auto Sales, Inc., in or about June, 1999.

      5. At that time and place, the right rear tire of plaintiff's vehicle experienced a

complete tire failure causing plaintiff Fasanella to lose control of his motor vehicle and causing

the vehicle to crash, thereby causing the injuries and losses to follow.

      6. Defendant Ford is liable and legally responsible to plaintiff, Cupid Auto Sales,

Inc. for its injuries and losses caused by the failure of the foregoing tire and Ford Expedition by

virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability

Law, in one or more of the following ways:

      a.  in that defendant Ford, designed, manufactured, distributed and sold said

motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said

defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the

plaintiff without substantial change in the condition in which it was designed, manufactured,

distributed and sold;

b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

c.  in that the defendant was negligent and careless in the design, manufacture, distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.  in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.  in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.  in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

j. in that the defendant designed and manufactured the foregoing motor vehicle and tire in that the tire tread had a propensity to peal off and cause a tire failure; and

k. in that the defendant designed the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

7. As a result of the foregoing acts and or omissions of the defendant, the plaintiff, Cupid Auto Sales, Inc. sustained property damage to its motor vehicle all to its financial detriment.

Count Two: Cupid Auto Sales, Inc. v. Bridgestone:

1. Paragraphs 1 though 5 of Count One are repeated as paragraphs 1 through 5 of Count Two.

6. Defendant Bridgestone is liable and legally responsible to plaintiff, Cupid Auto Sales, Inc. for its injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

a. in that defendant Bridgestone, designed, manufactured, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

4

b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

c.  in that the defendant was negligent and careless in the design, manufacture, distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.  in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.  in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.  in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

j.   in that the defendant designed and manufactured the foregoing motor vehicle and tire in that the tire tread had a propensity to peal off and cause a tire failure; and

k.   in that the defendant designed the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

7. As a result of the foregoing acts and or omissions of the defendant, the plaintiff, xxxxxx, sustained property damage to his motor vehicle al to its financial detriment.

Count Three: Cupid Auto Sales, Inc. v. Hertz Corporation

1.   Paragraphs 1 though 5 of Count Two are repeated as paragraphs 1 through 5 of Count Three.

6. Defendant Hertz is liable and legally responsible to plaintiff, Cupid Auto Sales, Inc. for its injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

a.   in that defendant Hertz, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

b.   in that the design of the foregoing motor vehicle and tire was such that it

created a defective and unreasonably dangerous condition likely to cause injury;

    c.  in that the defendant was negligent and careless in the distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce;

    d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

    e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

    f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

    g.  in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

    h.  in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

    i.  in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

    j.  in that the defendant distributed and sold the foregoing motor vehicle and tire knowing or should have known that the tire tread had a propensity to peal off and cause

a tire failure; and

k.  in that the defendant distributed and sold the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

7. As a result of the foregoing acts and or omissions of the defendant, the plaintiff, xxxxxx, sustained property damage to his motor vehicle al to its financial detriment.

Count Four: Richard Fasanella v. Ford Motor Company:

1.  Paragraphs 1 though 5 of Count Three are repeated as paragraphs 1 through 5 of Count Four.

6. Defendant Ford is liable and legally responsible to plaintiff, Fasanella, for its injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

a.  in that defendant Ford, designed, manufactured, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

8

c.  in that the defendant was negligent and careless in the design, manufacture, distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.  in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.  in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.  in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

j.  in that the defendant designed and manufactured the foregoing motor vehicle and tire in that the tire tread had a propensity to peal off and cause a tire failure; and

k.   in that the defendant designed the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

7. As a result of the foregoing carelessness and negligence of the defendant the plaintiff Fasanelle sustained the following serious permanent painful personal injuries:

Aggravation of a pre-existing back injury to the cervical, thoracic and lumbar spine, and injury to the right knee requiring surgery, all of which required the plaintiff to expend large sums of money for medical treatment, and will require the plaintiff to expend further sums or medical treatment in the future.

8. As a further result of plaintiff's injuries, the plaintiff's ability to carry on life's activities has been and will be permanently and severely curtailed.

Count Five: Richard Fasanella v. Bridgestone:

1.   Paragraphs 1 though 5 of Count Four are repeated as paragraphs 1 through 5 of Count Five.

6. Defendant Bridgestone is liable and legally responsible to plaintiff, Fasanella, for his injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

a.   in that defendant Bridgestone, designed, manufactured, distributed and sold

said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

      b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

      c.  in that the defendant was negligent and careless in the design, manufacture, distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

      d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

      e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

      f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

      g.  in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

      h.  in that the defendant breached its express warranties that said motor vehicle

and tire was safe and effective for their intended use;

     i.   in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

     j.   in that the defendant designed and manufactured the foregoing motor vehicle and tire in that the tire tread had a propensity to peal off and cause a tire failure; and

     k.   in that the defendant designed the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

     7. As a result of the foregoing carelessness and negligence of the defendant the plaintiff Fasanelle sustained the following serious permanent painful personal injuries:

     Aggravation of a pre-existing back injury to the cervical, thoracic and lumbar spine, and injury to the right knee requiring surgery, all of which required the plaintiff to expend large sums of money for medical treatment, and will require the plaintiff to expend further sums or medical treatment in the future.

     8. As a further result of plaintiff's injuries, the plaintiff's ability to carry on life's activities has been and will be permanently and severely curtailed.

Count Six: Richard Fasanella v. Hertz:

     1.  Paragraphs 1 though 5 of Count Four are repeated as paragraphs 1 through 5 of Count Six.

6. Defendant Hertz is liable and legally responsible to plaintiff, Fasanella, for his injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

a.   in that defendant Hertz, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

b.   in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

c.   in that the defendant was negligent and careless in the distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.   in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.   in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.   in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.   in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.   in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.   in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

j.   in that the defendant distributed and sold the foregoing motor vehicle and tire knowing or should have known that the tire tread had a propensity to peal off and cause a tire failure; and

k.   in that the defendant distributed and sold the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its distribution and sale.

7. As a result of the foregoing carelessness and negligence of the defendant the plaintiff Fasanelle sustained the following serious permanent painful personal injuries:

Aggravation of a pre-existing back injury to the cervical, thoracic and lumbar spine, and injury to the right knee requiring surgery, all of which required the plaintiff to expend large sums of money for medical treatment, and will require the plaintiff to expend further sums or medical treatment in the future.

8. As a further result of plaintiff's injuries, the plaintiff's ability to carry on life's

activities has been and will be permanently and severely curtailed.

WHEREFORE, the plaintiffs claim money damages as against defendant Ford Motor Company as follows:

1. Money damages in an amount in excess of fifteen thousand dollars;

2. Punitive damages pursuant to Connecticut Products Liability Statutes;

3. Attorneys fees pursuant to Connecticut Products Liability Statutes; and

4. Costs pursuant to Connecticut Products Liability Statutes.

WHEREFORE, the plaintiffs claim money damages as against defendant, Bridgestone Firestone, Inc., as follows:

1. Money damages in an amount in excess of fifteen thousand dollars;

2. Punitive damages pursuant to Connecticut Products Liability Statutes;

3. Attorneys fees pursuant to Connecticut Products Liability Statutes; and

4. Costs pursuant to Connecticut Products Liability Statutes.

WHEREFORE, the plaintiffs claim money damages as against defendant Hertz Corporation as follows:

1. Money damages in an amount in excess of fifteen thousand dollars;

2. Punitive damages pursuant to Connecticut Products Liability Statutes;

3. Attorneys fees pursuant to Connecticut Products Liability Statutes; and

4. Costs pursuant to Connecticut Products Liability Statutes.

RET: APRIL 13, 2004               : SUPERIOR COURT

RICHARD FASANELLA, and      : JUDICIAL DISTRICT OF
CUPID AUTO SALES, Inc.        :

        v.             : FAIRFIELD AT BRIDGEPORT

FORD MOTOR COMPANY,       :
BRIDGESTONE FIRESTONE, INC., a/k/a  :
FIRESTONE TIRE AND RUBBER COMPANY,  :
HERTZ CORPORATION         : FEBRUARY 28, 2004

## STATEMENT OF AMOUNT IN CONTROVERSY

The amount in controversy in the above-captioned matter is in excess of fifteen thousand dollars ($15,000.00).

                       THE PLAINTIFFS,

                       By: _____
                        John A. Pinheiro, Esq.
                        167 Cherry Street, PMB 314
                        Milford, Connecticut 06460
                        (203) 874-4477
                        Juris # 307915

Attest _____
                N. E. Nikola
        Connecticut State Marshal
          Fairfield County

THE PLAINTIFFS,

By: _____

John A. Pinheiro, Esq.
167 Cherry Street, PMB 314
Milford, Connecticut 06460
(203) 874-4477
Juris # 307915

A True Copy
Attest _____
N. E. Nikola
Connecticut State Marshal
Fairfield County

Exe

RET: APRIL 13, 2004 : SUPERIOR COURT

RICHARD FASANELLA, and : JUDICIAL DISTRICT OF
CUPID AUTO SALES, Inc.

        v. : FAIRFIELD AT BRIDGEPORT

FORD MOTOR COMPANY, :
BRIDGESTONE FIRESTONE, INC., a/k/a :
FIRESTONE TIRE AND RUBBER COMPANY, :
HERTZ CORPORATION : MARCH 16, 2004

## FIRST AMENDED COMPLAINT

Count One: Cupid Auto Sales, Inc. v. Ford Motor Company:

    1. On or about March 1, 2001, the plaintiff, Richard Fasanella, was the

operator, with the owner's permission, of a 1998 Ford Expedition sport utility vehicle, VIN #

1FMRU18W8WLB50242, owned by plaintiff, Cupid Auto Sales, Inc., which was traveling on

the Merritt Parkway in Fairfield/Bridgeport, Connecticut.

    2. At all times mentioned herein, the defendant, Ford Motor Company,

(hereinafter referred to Ford) was a foreign corporation, organized and existing under the laws of

the State of Delaware, with its principle place of business in the State of Michigan, conducting

business in the State of Connecticut and engaged in the manufacture and distribution of motor

vehicles, including but limited to the foregoing stated 1998 Ford Expedition.

    3. At all times mentioned herein, the defendant, Bridgestone Firestone, Inc., a/k/a

Firestone Tire and Rubber Company, (hereinafter referred to as Bridgestone) was a foreign

corporation, organized and existing under the laws of the State of Delaware, with its principle

place of business in the State of Ohio, conducting business in the State of Connecticut and engaged in the manufacture and distribution of tires, including but limited to the tires that were on the foregoing stated 1998 Ford Expedition.

4. At all times mentioned herein, the defendant, Hertz Corporation, was a foreign corporation, organized and existing under the laws of the State of Delaware, conducting business in several states in the United States and engaged in the business of renting and selling motor vehicles, which said defendant sold the foregoing stated 1998 Ford Expedition to plaintiff, Cupid Auto Sales, Inc., in or about June, 1999.

5. At that time and place, the right rear tire of plaintiff's vehicle experienced a complete tire failure causing plaintiff Fasanella to lose control of his motor vehicle and causing the vehicle to crash, thereby causing the injuries and losses to follow.

6. Defendant Ford is liable and legally responsible to plaintiff, Cupid Auto Sales, Inc. for its injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

a. in that defendant Ford, designed, manufactured, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

2

b.   in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

c.   in that the defendant was negligent and careless in the design, manufacture, distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.   in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.   in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.   in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.   in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.   in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.   in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

j.   in that the defendant designed and manufactured the foregoing motor vehicle and tire in that the tire tread had a propensity to peal off and cause a tire failure; and

k.   in that the defendant designed the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

7. As a result of the foregoing acts and or omissions of the defendant, the plaintiff, Cupid Auto Sales, Inc. sustained property damage to its motor vehicle all to its financial detriment.

Count Two: Cupid Auto Sales, Inc. v. Bridgestone:

1.   Paragraphs 1 though 5 of Count One are repeated as paragraphs 1 through 5 of Count Two.

6. Defendant Bridgestone is liable and legally responsible to plaintiff, Cupid Auto Sales, Inc. for its injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

a.   in that defendant Bridgestone, designed, manufactured, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

4

b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

c.  in that the defendant was negligent and careless in the design, manufacture, distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.  in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.  in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.  in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

    j.  in that the defendant designed and manufactured the foregoing motor vehicle and tire in that the tire tread had a propensity to peal off and cause a tire failure; and

    k.  in that the defendant designed the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

    7. As a result of the foregoing acts and or omissions of the defendant, the plaintiff, Cupid Auto Sales, Inc., sustained property damage to his motor vehicle al to its financial detriment.

## Count Three: Cupid Auto Sales, Inc. v. Hertz Corporation

    1.  Paragraphs 1 though 5 of Count Two are repeated as paragraphs 1 through 5 of Count Three.

    6. Defendant Hertz is liable and legally responsible to plaintiff, Cupid Auto Sales, Inc. for its injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

    a.  in that defendant Hertz, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

6

b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

c.  in that the defendant was negligent and careless in the distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.  in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.  in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.  in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

j.  in that the defendant distributed and sold the foregoing motor vehicle

7

and tire knowing or should have known that the tire tread had a propensity to peal off and cause a tire failure; and

   k. in that the defendant distributed and sold the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

   7. As a result of the foregoing acts and or omissions of the defendant, the plaintiff, Cupid Auto Sales, Inc., sustained property damage to his motor vehicle al to its financial detriment.

Count Four: Richard Fasanella v. Ford Motor Company:

   1. Paragraphs 1 though 5 of Count Three are repeated as paragraphs 1 through 5 of Count Four.

   6. Defendant Ford is liable and legally responsible to plaintiff, Fasanella, for its injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

   a. in that defendant Ford, designed, manufactured, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

c.  in that the defendant was negligent and careless in the design, manufacture, distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.  in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.  in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.  in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

9

j.   in that the defendant designed and manufactured the foregoing motor vehicle and tire in that the tire tread had a propensity to peal off and cause a tire failure; and

k.   in that the defendant designed the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

7. As a result of the foregoing carelessness and negligence of the defendant the plaintiff Fasanelle sustained the following serious permanent painful personal injuries:

Aggravation of a pre-existing back injury to the cervical, thoracic and lumbar spine, and injury to the right knee requiring surgery, all of which required the plaintiff to expend large sums of money for medical treatment, and will require the plaintiff to expend further sums or medical treatment in the future.

8. As a further result of plaintiff's injuries, the plaintiff's ability to carry on life's activities has been and will be permanently and severely curtailed.

Count Five: Richard Fasanella v. Bridgestone:

1.   Paragraphs 1 though 5 of Count Four are repeated as paragraphs 1 through 5 of Count Five.

6. Defendant Bridgestone is liable and legally responsible to plaintiff, Fasanella, for his injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability

Law, in one or more of the following ways:

     a.  in that defendant Bridgestone, designed, manufactured, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

     b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

     c.  in that the defendant was negligent and careless in the design, manufacture, distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

     d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

     e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

     f.  in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

     g.  in that the defendant failed to disclose to the plaintiff and the general public

the dangerous propensities of the foregoing motor vehicle and tire;

    h.  in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

    i.  in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

    j.  in that the defendant designed and manufactured the foregoing motor vehicle and tire in that the tire tread had a propensity to peal off and cause a tire failure; and

    k.  in that the defendant designed the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its manufacture and distribution.

    7. As a result of the foregoing carelessness and negligence of the defendant the plaintiff Fasanelle sustained the following serious permanent painful personal injuries:

    Aggravation of a pre-existing back injury to the cervical, thoracic and lumbar spine, and injury to the right knee requiring surgery, all of which required the plaintiff to expend large sums of money for medical treatment, and will require the plaintiff to expend further sums or medical treatment in the future.

    8. As a further result of plaintiff's injuries, the plaintiff's ability to carry on life's activities has been and will be permanently and severely curtailed.

Count Six: Richard Fasanella v. Hertz:

1.  Paragraphs 1 though 5 of Count Five are repeated as paragraphs 1 through 5 of Count Six.

6. Defendant Hertz is liable and legally responsible to plaintiff, Fasanella, for his injuries and losses caused by the failure of the foregoing tire and Ford Expedition by virtue of Connecticut General Statutes Section 52-572m, et seq., Connecticut Products Liability Law, in one or more of the following ways:

a.  in that defendant Hertz, distributed and sold said motor vehicle and tire in a defective condition unreasonably dangerous to the plaintiff. Said defect existed at the time of sale, and said motor vehicle and tire did reach the consumer like the plaintiff without substantial change in the condition in which it was designed, manufactured, distributed and sold;

b.  in that the design of the foregoing motor vehicle and tire was such that it created a defective and unreasonably dangerous condition likely to cause injury;

c.  in that the defendant was negligent and careless in the distribution and sale of said motor vehicle and tire in that it failed to investigate the nature, properties and characteristics of the motor vehicle and tire prior to placing it into the stream of commerce.

d.  in that the defendant failed to warn or instruct the plaintiff that said motor vehicle and tire was dangerous and could cause personal injuries and losses;

e.  in that the warnings and instructions which were given and which accompanies said motor vehicle and tire were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the foregoing motor vehicle and tire;

f.   in that the defendant misrepresented to the plaintiff and the general public that the foregoing motor vehicle and tire was safe for use by the public;

g.   in that the defendant failed to disclose to the plaintiff and the general public the dangerous propensities of the foregoing motor vehicle and tire;

h.   in that the defendant breached its express warranties that said motor vehicle and tire was safe and effective for their intended use;

i.   in that the defendant breached an implied warranty of merchantability and fitness in that said motor vehicle and tire were not of merchantable quality and fit for their intended purposes;

j.   in that the defendant distributed and sold the foregoing motor vehicle and tire knowing or should have known that the tire tread had a propensity to peal off and cause a tire failure; and

k.   in that the defendant distributed and sold the foregoing motor vehicle and tire in a defective manner in that it knew or should have known of the dangerous characteristics, yet continued its distribution and sale.

7. As a result of the foregoing carelessness and negligence of the defendant the plaintiff Fasanelle sustained the following serious permanent painful personal injuries:

Aggravation of a pre-existing back injury to the cervical, thoracic and lumbar spine, and injury to the right knee requiring surgery, all of which required the plaintiff to expend large sums of money for medical treatment, and will require the plaintiff to expend further sums

or medical treatment in the future.

8. As a further result of plaintiff's injuries, the plaintiff's ability to carry on life's activities has been and will be permanently and severely curtailed.

WHEREFORE, the plaintiffs claim money damages as against defendant Ford Motor Company as follows:

    1. Money damages in an amount in excess of fifteen thousand dollars;

    2. Punitive damages pursuant to Connecticut Products Liability Statutes;

    3. Attorneys fees pursuant to Connecticut Products Liability Statutes; and

    4. Costs pursuant to Connecticut Products Liability Statutes.

WHEREFORE, the plaintiffs claim money damages as against defendant, Bridgestone Firestone, Inc., as follows:

    1. Money damages in an amount in excess of fifteen thousand dollars;

    2. Punitive damages pursuant to Connecticut Products Liability Statutes;

    3. Attorneys fees pursuant to Connecticut Products Liability Statutes; and

    4. Costs pursuant to Connecticut Products Liability Statutes.

WHEREFORE, the plaintiffs claim money damages as against defendant Hertz Corporation as follows:

    1. Money damages in an amount in excess of fifteen thousand dollars;

    2. Punitive damages pursuant to Connecticut Products Liability Statutes;

    3. Attorneys fees pursuant to Connecticut Products Liability Statutes; and

    4. Costs pursuant to Connecticut Products Liability Statutes.

THE PLAINTIFFS,

By: _____

John A. Pinheiro, Esq.
167 Cherry Street, PMB 314
Milford, Connecticut 06460
(203) 874-4477
Juris # 307915

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class, postage prepaid to the following:

Defendant Ford Motor Company:
Sara Thompson, Esq.
Campbell, Campbell, Edwards & Conroy
1 Constitution Plaza
Boston, Massachusetts 02129

Defendant Hertz Corporation:
Louise A. Johnson, Esq.
The Hertz Corporation
225 Brae Boulevard
Park ridge, New Jersey 07656

Defendant Bridgestone Firestone, Inc.:
Connecticut Secretary of State
30 Trinity Street
Hartford, Connecticut 06106

This 16th day of March, 2004.

_____
John A. Pinheiro

17

EX. D


CT System

Service of Process Transmittal Form

Hartford, Connecticut

03/05/2004

493991

TO:   Chris Dzbanski
      Ford Motor Company
      Three Parklane Blvd., Ste.1400 West
      Dearborn, MI  48126

      Phone: (313) 248-6864 ex:
      FAX: (888) 868-8312
      EMAIL: CDZBANSK@FORD.COM

RE:      **PROCESS SERVED IN CONNECTICUT**

FOR      Ford Motor Company Domestic State: De

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| 1. TITLE OF ACTION: | Richard Fasanella et al vs Ford Motor Company et al |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint |
| 3. COURT: | Superior Court Judicial District of Fairfield at Bridgeport<br>Case Number None shown |
| 4. NATURE OF ACTION: | Product Liability  - tire failure causing crash |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Hartford, Connecticut |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 03/05/2004 at 13:35 |
| 7. APPEARANCE OR ANSWER DUE: | 4/13/04 |
| 8. ATTORNEY(S): | John A. Pinheiro (203) 874-4477<br>187 Cherry Street PMB 314<br>Milford, CT  06460 |
| 9. REMARKS: | i-Note sent 03/05/2004 to CDZBANSK@FORD.COM |

|  |  |
|---|---|
| SIGNED | CT Corporation System |
| PER | Mary E. Foran |
| ADDRESS | One Commercial Plaza<br>Hartford, CT  06103<br>SOP WS 0008125445 |

Information contained on this transmittal  form  is  recorded  for  C T Corporation  System's  record  keeping  purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The  recipient is responsible for interpreting the documents and for taking the appropriate action.